[Cite as *Warner v. Marshall*, 2020-Ohio-1185.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| WILLIAM WARNER, | : | |
| Appellant, | : | CASE NO. CA2019-08-019 |
| | : | O P I N I O N |
| - vs - | | 3/30/2020 |
| | : | |
| D. BRENT MARSHALL, ADMINISTRATOR OF THE ESTATE OF JAMES VALENTINE, DECEASED, | : | |
| | : | |
| Appellee. | | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH20180365

Plymale & Dingus, LLC, M. Shawn Dingus, 136 W. Mound Street, Suite 100, Columbus, Ohio 43215, for appellant

Green & Green, Lawyers, Jared A. Wagner, 800 Performance Place, 109 North Main Street, Dayton, Ohio 45202, for appellee

**HENDRICKSON, P.J.**

{¶ 1}   William Warner appeals from the decision of the Fayette County Common Pleas Court, which granted the motion to dismiss of D. Brent Marshall, in his capacity as administrator of the Estate of James Valentine.  For the reasons described below, this court reverses the trial court's decision.

{¶ 2}   The following facts are undisputed for purposes of this appeal.  On May 19, 2015, James Valentine ("Valentine") negligently operated his motor vehicle, causing a collision between his motor vehicle and the motor vehicle of Warner.  Warner sustained injuries resulting from the collision.

{¶ 3}   On April 13, 2017, Warner timely filed a personal injury lawsuit naming Valentine as the sole defendant.  After the suit commenced, Valentine passed away.  On October 5, 2017, Valentine's defense counsel suggested his death.  On December 11, 2017, Warner voluntarily dismissed his complaint, without prejudice.

{¶ 4}   On December 10, 2018, the Fayette County Probate Court issued letters of authority to Marshall to act as special administrator of Valentine's estate.  On December 11, 2018, Warner refiled the personal injury complaint against Marshall in his capacity as administrator of Valentine's estate.  The personal injury claim asserted in the first complaint mirrored the claim asserted in the refiled complaint and Warner added no other claims or defendants.

{¶ 5}   Marshall subsequently moved to dismiss the complaint pursuant to Civ.R. 12(B)(6).  Marshall argued that Warner had filed his personal injury claim beyond the two-year statute of limitations, as the accident occurred in May 2015 and the complaint was re-filed in December 2018.  Marshall argued that the savings statute did not apply because the first complaint was filed against Valentine and the refiled complaint was filed against a different party, i.e., Valentine's estate.  In opposition, Warner argued that the original suit brought against Valentine, and the new suit, brought against Marshall as administrator, were substantially the same and thus within the ambit of the savings statute.

{¶ 6}   The court issued its decision granting Marshall's motion to dismiss.  The court based its decision on *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523 (1982), where the Ohio Supreme Court held that under the savings statute, a refiled lawsuit

is not substantially the same as the initial lawsuit where the parties are "different." Warner appeals, raising one assignment of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED BY FINDING THAT THE OHIO SUPREME COURT'S HOLDING IN CHILDREN'S HOSPITAL V. OHIO DEP'T OF PUBLIC WELFARE, 69 OHIO ST.2D 523 (1982) COMPELLED IT TO DISMISS THE APPELLANT'S RE-FILED COMPLAINT.

{¶ 9} The trial court dismissed Warner's complaint based on Civ.R. 12(B)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. In reviewing a motion to dismiss, a trial court must accept the truth of all factual allegations and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). It must appear "beyond doubt" that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245 (1975). An appellate court conducts a de novo review of a trial court's order granting a Civ.R. 12(B)(6) motion. *Marchetti* at ¶ 9.

{¶ 10} The savings statute, R.C. 2305.19(A), provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

{¶ 11} The savings statute is applicable where (1) the plaintiff filed the action within the applicable statute of limitations, (2) the action was commenced or attempted to be commenced in the manner set forth in Civ.R. 3(A), and (3) the action failed otherwise than upon the merits. *Reese v. The Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163 (1983); *Korn v. Mackey*, 2d Dist. Montgomery No. 20727, 2005-Ohio-2768, ¶ 20. "A voluntary dismissal pursuant to Civ. R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19." *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), at paragraph two of the syllabus.

{¶ 12} In addition to these requirements, the Ohio Supreme Court held in *Children's Hospital* that the savings statute only applies when the first and second lawsuits are "substantially the same." 69 Ohio St.2d at 525.[1] The court further indicated that actions "are not substantially the same, however, when the parties in the original action and those in the new action are different." *Id.* at 525, citing *Natl. Fire Ins. Co. v. Joslyn Mfg. Co.*, 25 Ohio App.2d 13, (9th Dist.1971). This court and the Ohio Supreme Court have held that the savings statute is "a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Hembree v. Mendenhall*, 12th Dist. Butler No. CA2006-06-129, 2007-Ohio-459, ¶ 8, citing *Cero Realty Corp. v. American Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 85 (1960).

{¶ 13} Upon review, this court concludes that the parties in Warner's first suit and those in this action are not different and the two suits are substantially the same. The plain language of the savings statute evidences an intent by the General Assembly that the statute would apply to claims that survived the death of the parties. Specifically, the statute

---

1. The hospital filed its initial lawsuit against the Ohio Governor, the Director of the Ohio Department of Public Welfare, and the Secretary of the U.S. Department of Health, Education, and Welfare. *Id.* at 523-524. That case was dismissed otherwise than upon the merits and the hospital, within a year, but beyond the statute of limitations, filed a second lawsuit concerning the same issue but raising a new claim solely against the Ohio Department of Public Health. *Id.* at 524.

refers to the right of a plaintiff to commence a new action, or if the plaintiff has died, the right of the plaintiff's representative to commence a new action. Thus, the drafters harmonized the savings statute with Ohio law, which provides that most actions survive the death of either party. R.C. 2311.21.

{¶ 14} Furthermore, this language evidences the General Assembly's view that a party and an estate representative are considered the same party with the same rights for purposes of applying the statute. Although the statute does not expressly refer to a defendant's representative, there is no logical rationale for distinguishing between a plaintiff's estate representative and a defendant's estate representative.

{¶ 15} Marshall argues that the fact that the statute refers to the right of a plaintiff's representative to refile suit but does not also refer to the right to file suit against a deceased defendant's representative indicates, through the doctrine of *expressio unius est exclusio alterius*, that the General Assembly specifically intended to preclude refiling claims against decedent's estates. This court finds the omission of such language is insignificant. The focus of the statute is on the right of the plaintiff to refile a voluntarily dismissed lawsuit. Therefore, it makes sense that the statute would not specifically address the right to refile against a deceased defendant's estate.

{¶ 16} Marshall also contends that this court is compelled to affirm the trial court because this court and others have held that the savings statute is not applicable to suits brought against a party that was not named in the initial filed action, even when those parties are related to or assignees of the party named in the first action. In *National Fire* – the case cited in *Children's Hospital* for the proposition of law that actions are not substantially the same where there are "different" parties – the plaintiff landlord filed suit against the tenant for a fire loss that destroyed the leased building due to the tenant's negligence. *Id.* at 13.

The landlord's insurance company later joined that lawsuit as an additional plaintiff. *Id.* at 14. The lawsuit was subsequently dismissed without prejudice for lack of prosecution. *Id.*

{¶ 17} Within a year of the dismissal but after the statute of limitations expired, the insurance company refiled the lawsuit against the tenant. *Id.* The court held that the savings statute did not apply because the insurance company, even though it was an assignee of the landlord's claim, was not the same party as the landlord. Specifically, the court held that "the phrase, 'the plaintiff * * * may commence a new action * * *' does not mean an assignee of a portion of the claim, or one to whom the original plaintiff sold an interest in the action." *Id.* at 15.

{¶ 18} This court held similarly to *National Fire* in a case involving an insurance company with a subrogation interest in a plaintiff's claim that attempted to use the savings statute to avoid a statute of limitations defense to a second lawsuit. *Eiford v. McGinnis*, 12th Dist. Preble No. CA86-06-013, 1987 Ohio App. LEXIS 9627 (Nov. 16, 1987). Eiford filed a personal injury action against McGinnis four days prior to the statute of limitations deadline. *Id.* at *1. Twenty months later, the court dismissed the case without prejudice by the agreement of both parties. *Id.* Less than one year later, Eiford and his insurance carrier, Hamilton Mutual Insurance Company ("Hamilton Mutual"), filed suit against McGinnis, with Hamilton Mutual asserting a claim for subrogation. *Id.* at *2. The trial court found that Eiford's claim was timely filed by virtue of the savings statute but that Hamilton Mutual's claim was not saved because it had not been a party to the initial suit. *Id.* This court affirmed, premising its decision on the holding of *Children's Hospital* and finding that the two lawsuits were not "substantially the same" because Hamilton Mutual had not joined the earlier lawsuit. *Id.* at *5-6.

{¶ 19} *Children's Hospital* and the subrogation cases discussed above are distinguishable. *Children's Hospital* involved a subsequent lawsuit asserting a new claim

against an organizational entity that had not been sued in the first suit. *National Fire* and *Eiford* both involved insurance companies effectively attempting to use a plaintiff's savings statute right to cure statute of limitations issues with their later filed lawsuits. While the insurance companies may have been attempting to enforce their legal interest in the plaintiff's claim, each company was ultimately appearing on behalf of its own interest, and thus would be considered a "different" party than the plaintiff.

{¶ 20} On the other hand, Marshall does not represent his own legal interest. After Valentine died and the probate court issued letters of authority, Valentine's legal existence *shifted* to Marshall in his capacity as administrator. *See Baker v. McKnight*, 4 Ohio St.3d 125, 128 (1983).[2] Thus, while Valentine and Marshall are nominally "different" parties, the legal existence represented by both is the same.[3]

{¶ 21} Ultimately, Marshall's argument exalts form over substance. A logical extension of the argument is that Warner could have avoided any issue with the savings statute by refiling the suit against Valentine, the decedent, then amending the complaint and serving Marshall as provided by Civ.R. 3(A).[4] In such a case, the second lawsuit would

---

2. "The situation before this court may be categorized as a misnomer of party. Essentially the plaintiff has sued an entity, Hanson Castor, by the wrong name. Though Castor is dead, his legal existence is not extinguished, but shifted to the special administrator of his estate in existence at the date of the original complaint." *Baker* at 128. (Favorably quoting an Indiana appellate court's description of the "misnomer theory").

3. The need for an administrator and for a formal estate administration derived from the English common-law concept that the personal property of a decedent descended to the executor or administrator, while real estate would descend directly to the heirs or devisees. *Murphy v. Murphy*, 42 Wash. 142, 148 (1906), citing Woerner, 1 American Law of Administration, § 199. The principal purpose of the estate administration was to ensure the rights of creditors to the assets of the decedent to satisfy any debts. *Id.*

4. "[W]here the requirements of Civ. R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ. R. 3(A), and the complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A)." *Baker* at 129.

initially mirror the first lawsuit, thus resolving the issue of the two suits being against nominally "different" parties.

{¶ 22} What Warner did by refiling the complaint against Marshall was consistent with the statutory right granted by the savings statute to plaintiffs and their estate representatives. Warner refiled his voluntarily dismissed claim within one year against the individual appointed by the probate court to act as representative of Valentine's estate. Accordingly, this court holds that a defendant who dies during the pendency of litigation and the representative of his estate are not "different" parties for purposes of the savings statute. This court sustains Warner's assignment of error and reverses the decision of the trial court.

{¶ 23} Judgment reversed and remanded.

S. POWELL and RINGLAND, JJ., concur.