[Cite as *Logan v. Access Ohio, L.L.C.*, 2021-Ohio-3219.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Devonte M. Logan, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-422 |
| v. | : | (C.P.C. No. 19CV-6361) |
| Access Ohio LLC, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 16, 2021

**On brief:** *Devonte M. Logan,* pro se.

**On brief:** *Priscilla Hapner*, for appellee. **Argued:** *Priscilla Hapner.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Devonte M. Logan, appeals from the decision of the Franklin County Court of Common Pleas dismissing his complaint against defendant-appellee, Access Ohio, LLC under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, we affirm the trial court's dismissal. In addition, we order the clerk to strike all of Mr. Logan's miscellaneous filings, letters, motions and replies filed after the January 27, 2021 filing of his amended brief, as they violate our January 28, 2021 order.

{¶ 2} On August 7, 2019, Mr. Logan filed a complaint against Access Ohio. Mr. Logan alleged that he had stayed at the Faith Mission homeless shelter from June 20 to December 14, 2016, a period of nearly six months, even though the shelter had promised him that it would only take three months to secure housing for him. Mr. Logan alleged that a Faith Mission employee told him on December 14, 2016 that the Columbus Metropolitan

Housing Authority had accepted him for housing, but the employee refused to drive him to an appointment there the next day. That evening, "a bald head white guy with tattoo's [sic] on his face" assaulted Mr. Logan in Faith Mission's bathroom, requiring him to be taken to Grant Hospital. (Aug. 7, 2019 Compl. at 1.) The next day, Mr. Logan had to walk to his housing appointment straight from the hospital.

{¶ 3}  Mr. Logan also alleged that Access Ohio told him that he "didn't qualify" for financial assistance and did not pay his deposit or first month of rent. *Id.* at 1, 3. He also alleged that an employee forced him to apply for single housing even after he explained that he was married. According to Mr. Logan, he lost a $10,000 truck because he did not have the $525 necessary to have it released from an impound lot. His complaint stated that he was suing Access Ohio because the man who attacked him almost killed him, "left a bite mark" on his face, and because the three extra months he had to stay at Faith Mission felt like he "was in jail." *Id.* at 3. Mr. Logan sought "$150 million for damages" based on claims of fraud, deceptive advertising, and robbery, and claimed that Access Ohio owed him the $525 he never received. *Id.*

{¶ 4}  Access Ohio filed a motion to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, or, in the alternative, for a more definitive statement under Civ.R. 12(E).

{¶ 5}  The trial court granted the motion on September 10, 2020, reasoning as follows:

> In his Complaint, Plaintiff alleges that Defendant is responsible for the assault that took place at the shelter. However, * * * Plaintiff has not alleged that Defendants own or had a duty to prevent the assault against Plaintiff. Additionally, [the complaint] does not allege that any facts about a rent deposit were misrepresented by the Plaintiff, as he does not indicate the specific representations, and concedes that he did not qualify for this assistance.

(Sept. 10, 2020 Decision and Entry at 2.)

{¶ 6}   Mr. Logan appealed. He asserts the following sole assignment of error:

> The trial court erred and abused its discretion in dismissing appellant's action.

{¶ 7}   An appellate court applies a de novo standard of review to a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. Under the de novo standard, we independently review the record and afford no deference to the trial court's decision. *Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 15AP-488, 2015-Ohio-5090, ¶ 5, citing *State v. Romage*, 10th Dist. No. 11AP-822, 2012-Ohio-3381, ¶ 6. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Perrysburg Twp.* at ¶ 5, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A complaint should not be dismissed unless it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, ¶ 22, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 8}   Even when construing all factual allegations as true, our de novo review of Mr. Logan's complaint leads to the conclusion that he has failed to state a claim upon which relief may be granted. First, to the extent that he attempts to allege a premises liability claim for the assault he suffered at the Faith Mission shelter, the complaint is silent as to the shelter's relationship with Access Ohio, the named defendant. "It is a fundamental tenet of premises tort law that to have a duty to keep premises safe for others one must be in possession and control of the premises." *Wireman v. Keneco Distribs.*, 75 Ohio St.3d 103, 108 (1996), citing *Wills v. Frank Hoover Supply*, 26 Ohio St.3d 186 (1986). "A defendant's duty of care is determined by the relationship between the plaintiff and defendant and the foreseeability of injury." *Sleeper v. Casto Mgt. Servs.*, 10th Dist. No. 12AP-566, 2013-Ohio-3336, ¶ 24, citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642 (1992). The complaint provides no basis to even infer that Access Ohio had possession or control of the premises or that it had any duty of care to Mr. Logan whatsoever, much less the type of special duty necessary to overcome the presumption that "that there is no common-law duty to anticipate or foresee criminal activity." *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45

Ohio St.3d 171, 174 (1989), citing Prosser & Keeton, *Law of Torts*, Section 33, 201-03 (5th Ed.1979).

{¶ 9} Second, under the applicable statute of limitations, any personal injury or negligence claim that Mr. Logan wished to assert was required to be filed "within two years after the cause of action accrue[d]." R.C. 2305.10(A). The complaint alleges that he was attacked at the shelter on December 14, 2016, yet Mr. Logan did not file suit until August 7, 2019. Thus, any such claim is barred by the statute of limitations.

{¶ 10} Third, Mr. Logan asserts that he is suing Access Ohio for fraud, but the complaint is devoid of factual allegations to support the required elements of such a claim. A fraud claim must describe "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 20 (10th Dist.). In addition, a claim for fraud is subject to the heightened pleading requirement of Civ.R. 9(B) that "the circumstances constituting fraud * * * shall be stated with particularity." However, the only transaction that may be inferred from Mr. Logan's allegations appears to be between himself and Faith Mission for what may have been rental assistance. Yet, neither the refusal to provide such assistance, nor the statement to Mr. Logan that he "didn't qualify" for it, are cognizable as the basis of fraud. (Compl. at 3.)

{¶ 11} The complaint further asserts that Access Ohio is liable for "deceptive advertising." *Id.* Such a claim may arise under R.C. 1345.09, which provides that "a consumer has a cause of action and is entitled to relief" for violating Ohio's Consumer Sales Practices Act ("CSPA"). *E.g.*, *Ferron v. Dish Network, LLC*, 195 Ohio App.3d 686, 2011-Ohio-5235, ¶ 6, 26 (10th Dist.) (reversing trial court's dismissal of CSPA claim where complaint alleged that defendant "had engaged in deceptive practices by misusing the term 'free' in its television ads and failing to identify all of the terms and conditions of the advertised sale"). Any such claim must allege that the "deceptive act" committed by the defendant, a "supplier," was "in connection with a consumer transaction." R.C. 1345.02(A).

But the complaint's description of Mr. Logan's interactions with Faith Mission does not conform to the CSPA's definition of a "consumer transaction," nor does its description of Access Ohio fit with the CSPA's definition of a "supplier." *See* R.C. 1345.01(A) (defining a "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things") and R.C. 1345.01(C) (defining a "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions"). There is no plausible basis for identifying a CSPA claim in the complaint.

{¶ 12} Mr. Logan's complaint also states that he is pursuing a claim for robbery. However, "the decision whether to pursue criminal charges is vested in the state, 'not with a private citizen.' " *State ex rel. Timson v. Shoemaker*, 10th Dist. No. 02AP-1037, 2003-Ohio-4703, ¶ 20, quoting *Mantua ex rel. Webb v. Clavner*, 88 Ohio App.3d 492, 495 (1993). "A violation of the state's penal laws constitutes an offense against the state, and it does not lie within the discretion of the victim as to whether the violator shall be punished." *Stebelton v. Haskins*, 177 Ohio St. 52, 54 (1964). Thus, Mr. Logan was required to bring his robbery allegation to an officer of the state vested with the authority to prosecute robbery as an offense. His other option was to bring a claim under "R.C. 2935.09 and 2935.10, which permit a private citizen to file an affidavit charging an offense against another person." *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 2. However, either option would have been futile. The allegation of robbery is not supported by the facts alleged in the complaint, as the only person it describes using force or "inflict[ing] physical harm" on Mr. Logan did not do so while "attempting or committing a theft offense," as required by R.C. 2911.02(A)(1).

{¶ 13} Our de novo review of Mr. Logan's complaint leads us to the same conclusion reached by the trial court: he has failed to state a claim upon which relief against Access Ohio might be granted. Thus, the trial court did not err when it dismissed the complaint under Civ.R. 12(B)(6). Accordingly, we overrule Mr. Logan's sole assignment of error, affirm the judgment of the trial court, and order the clerk to strike all filings after his

January 27, 2021 amended brief from the docket, as they violate our January 28, 2021 order.

*Judgment affirmed; filings stricken.*

BROWN and KLATT, JJ., concur.

_____