**[Cite as *Fong v. Faires*, 2025-Ohio-1032.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ilan Fong,                                                    :

      Plaintiff-Appellant,                          :                    No. 24AP-467
                                                   (C.P.C. No. 23CV-5765)
v.                                                              :

Charles Faires et al.,                                    :

      Defendants-Appellees.                       :

---

D E C I S I O N

Rendered on March 25, 2025

---

**On brief:** *Walton + Brown*, *LLP*, and *Chanda L. Brown*, for appellant. **Argued:** *Chanda L. Brown*.

**On brief:** *Curry Roby*, *LLC*, and *Edwin J. Hollern*, for appellee, American National Property & Casualty Company. **Argued:** *Edwin J. Hollern*.

**On brief:** *Carol K. Metz* and *Timothy McKay*, for appellee, The Standard Fire Insurance Company. **Argued:** *Timothy McKay*.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Plaintiff-appellant, Ilan Fong, appeals from a judgment of the Franklin County Court of Common Pleas granting the motions for summary judgment of defendants-appellees, American National Property and Casualty Company ("American National") and The Standard Fire Insurance Company ("Standard Fire"). For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} On August 30, 2021, Fong filed an action against Charles Faires and American National, Fong's underinsurance carrier, alleging he sustained bodily injury due to Faires' negligent operation of a motor vehicle on August 31, 2019. On September 8, 2021, service was completed on American National. Service was not completed as to Faires. On November 10, 2021, Faires' counsel filed a suggestion of death, indicating Faires died on April 19, 2020. On August 16, 2022, the trial court dismissed the action, without prejudice, pursuant to Civ.R. 25(A)(1), based on Fong's failure to substitute Faires' estate as a party within 90 days of November 10, 2021.

{¶ 3} On August 14, 2023, Fong refiled his complaint against Faires and American National. On August 30, 2023, Fong filed a suggestion of Faires' death, and a motion for substitution of party pursuant to Civ.R. 25, seeking to have himself, as the special administrator for Faires' estate, substituted as the proper party. Two days later, American National moved to dismiss the refiled complaint as time barred. On January 22, 2024, Standard Fire moved to intervene and join American National's motion to dismiss the action as time barred.

{¶ 4} In May 2024, the trial court denied Fong's motion to substitute and granted Standard Fire's motion to intervene. As to the motion to substitute, the trial court reasoned that because Faires died before the commencement of litigation, substitution of Faires' estate pursuant to Civ.R. 25 would not be proper. The trial court also converted the motions to dismiss to motions for summary judgment. On July 8, 2024, the trial court granted the motions for summary judgment.

{¶ 5} Fong timely appeals.

## II. Assignment of Error

{¶ 6} Fong assigns the following sole assignment of error for our review:

> The trial court erred in granting the Motion[s] for Summary Judgment, as Appellant properly utilized Ohio's savings statute, R.C. 2305.19.

## III. Discussion

{¶ 7} In his sole assignment of error, Fong contends the trial court erred in granting appellees' motions for summary judgment because it improperly applied Ohio's saving statute, R.C. 2305.19. We agree.

{¶ 8} An appellate court reviews summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 10} Here, at issue is whether Fong's claims were legally barred as untimely filed. Generally, "an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10(A). Personal injury claims arising from a motor vehicle accident accrue on the day of the accident, and thus the statute of limitations for such claims expires two years after the accident. *Middleton v. Erie Ins.*, 2022-Ohio-2486, ¶ 9 (10th Dist.). Because this matter involves claims arising from a motor vehicle accident, the statute of limitations for Fong's claims expired two years after the

accident. The motor vehicle accident occurred on August 31, 2019, and therefore the applicable statute of limitations expired August 31, 2021.

{¶ 11} The parties dispute whether the requirements of the "saving statute," R.C. 2305.19, were established to provide an exception to the two-year statute of limitations applicable to Fong's personal injury claims. R.C. 2305.19 permits "plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations expires." *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 11. The statute provides, in pertinent part: "In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A). By allowing additional time for a plaintiff to refile an action, this statute "acts as an exception to the general bar of the statute of limitations" and is "intended to provide a litigant an adjudication on the merits." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11. "For the savings statute to apply, an action must fail other than on the merits and then the plaintiff must commence a new action within one year of that failure." *Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113, ¶ 9, citing R.C. 2305.19(A). Additionally, the original action and the new action must be "substantially the same." *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St. 2d 523, 525 (1982). Ultimately, in determining the applicability of the saving statute, we must remain mindful that it " 'is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure.' " *Byers v. Robinson*, 2008-Ohio-4833, ¶ 51 (10th Dist.), quoting *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82 (1960), paragraph one of the syllabus.

{¶ 12} In analyzing the applicability of the saving statute, we first must determine whether Fong's original action, filed in August 2021, was "commenced or attempted to be commenced." 2305.19(A). Here, the trial court determined that, pursuant to this court's decision in *Wells v. Michael*, 2006-Ohio-5871 (10th Dist.), the original action was not "commenced or attempted to be commenced" because Fong failed to substitute Faires' estate and attempt to serve the estate administrator in the original action prior to dismissal. In *Wells*, this court held that the plaintiffs' attempted service on the deceased defendant

"had no legal significance" and therefore "could not be regarded as an attempt to commence the action" for the purpose of R.C. 2305.19(A). *Id.* at ¶ 14. Appellees argue *Wells* controls the outcome here and requires a finding that the requirements of the saving statute cannot be established because the original action was not commenced or attempted to be commenced. We disagree.

{¶ 13} The focus in the *Wells* case was whether there was, or even can be, an attempt to commence an action when the defendant named is a deceased person. But in this appeal, we need not reach the issue of whether the action was "attempted to be commenced" because Fong's original action was "commenced" on August 30, 2021. Civ.R. 3(A) states in part that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon *a named defendant*." (Emphasis added.)[1] "The date of commencement of an action for Civ.R. 3(A) purposes is the date of filing so long as service is obtained within one year." *Hubiak v. Ohio Family Practice Ctr., Inc.*, 2014-Ohio-3116, ¶ 36 (9th Dist.). Regarding Civ.R. 3(A)'s requirement to obtain service on "a named defendant," the Supreme Court of Ohio has observed: "Civ.R. 3(A), notably, does not require all defendants to have been served for a civil action to be considered commenced." (Emphasis deleted.) *Beneficial Ohio, Inc. v. Ellis*, 2009-Ohio-311, ¶ 18.

{¶ 14} In *Wells*, the plaintiff did not name an insurer as a defendant in the original complaint. Unlike in *Wells*, Fong named both the alleged tortfeasor, Faires, and his insurer, American National, as defendants in the original complaint, which was filed on August 30, 2021. Service of the summons and complaint was obtained on American National on September 8, 2021. Because service was obtained on a named defendant within one year of Fong filing the complaint, Fong's original action was "commenced" on August 30, 2021, for the purpose of R.C. 2305.19. On August 16, 2022, the trial court dismissed the commenced action, without prejudice, based on its determination that Fong did not timely substitute Faires' estate for Faires, the decedent.

---

[1] "The service within one year requirement is retained from § 2305.17, R.C., as amended in 1965, and is based on the philosophy that dockets should be cleared if, within the reasonable time of one year, service has not been obtained." 1970 Staff Note, Civ.R. 3. The corresponding federal rule simply states: "a civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3.

{¶ 15} Pursuant to R.C. 2305.19, Fong "may commence a new action within one year after the date of" his "failure otherwise than upon the merits." On August 14, 2023, Fong refiled the action against Faires and American National. He again obtained service on American National but not on Faires. On August 30, 2023, Fong filed a suggestion of death and a Civ.R. 25 motion for substitution of party.

{¶ 16} The trial court denied Fong's Civ.R. 25 motion to substitute Faires' estate representative for Faires. The trial court reasoned that because this rule only applies to "a party" and not to someone who has predeceased the litigation, and because Faires died before Fong filed a complaint, Faires was not "a party" that could be replaced with the estate representative under the rule. This finding was consistent with the rule's language. Civ.R. 25(A) states: "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." Because this rule applies to "part[ies]," it "only provides for the substitution of parties who died while the litigation was pending and does not contemplate the substitution of a new party for one who predeceased commencement of the litigation." *Smith v. Mentor Ridge Health & Rehab.*, 2023-Ohio-4659, ¶ 29 (8th Dist.). Thus, because Faires died before Fong filed his complaint, Civ.R. 25 was not a proper means to substitute a party. Although the trial court correctly determined that Civ.R. 25 does not apply when a named party predeceases the filing of the lawsuit, the trial court erred in granting summary judgment in favor of appellees.

{¶ 17} In granting summary judgment, the trial court determined that, even if the saving statute applied, Fong did not commence the new action within one year as required under that statute, despite rendering the decision less than one year after Fong filed the new action. As of the date of the trial court's decision, Fong still had time to request leave to file an amended complaint under Civ.R. 15, substituting the estate administrator for the decedent, and then to obtain service on the administrator. An amended complaint that substitutes the estate administrator for the decedent "must be served on the personal representative within one year after the original complaint was filed." *McAbee v. Merryman*, 2013-Ohio-5291, ¶ 19 (7th Dist.). *See Boggs v. Denmead*, 2018-Ohio-2408, ¶ 35 (10th Dist.), quoting *Martz v. Field Dev. Group*, 2004-Ohio-4066, ¶ 11, 12 (9th Dist.) (internal quotation marks deleted) (noting that "[t]he relation back feature' of Civ.R. 15 applies solely to the statute of limitations, and that personal service does not relate back

when the correct parties are not properly served"). Therefore, if a motion for leave to amend the complaint is filed, and the trial court finds that the requirements of Civ.R. 15(C) are met, the amendment would relate back to the date of the filing of the refiled complaint. *See Warner v. Marshall*, 2020-Ohio-1185, ¶ 21, fn. 4 (12th Dist.) (in rejecting a form over substance argument of the appellee, the court noted that the appellant could have, instead of naming the administrator of a party's estate as the defendant in a refiled action, named the decedent as the defendant, and then amended the complaint and served the estate administrator as provided by Civ.R. 3(A)).[2] Because the trial court entered judgment awarding appellees summary judgment before the expiration of one year from the date Fong filed the complaint in the new action, on remand, assuming that Fong is granted leave to file an amended complaint, the trial court must account for the remainder of that one-year period in considering Civ.R. 15(C)'s relation back requirements.

{¶ 18} For these reasons, we conclude the trial court erred in granting appellees' motions for summary judgment. Because the trial court erred in awarding summary judgment in favor of appellees, we sustain Fong's sole assignment of error.

## IV. Disposition

{¶ 19} Having sustained Fong's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.

_____

---

[2] Pursuant to Civ.R. 15(A), after the time for amending a pleading as a matter of course has run, a party may amend its pleading with the court's leave, which "shall freely give leave when justice so requires." "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Civ.R. 15(C). If the amendment changes the party against whom a claim is asserted, it "relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Id.*