[Cite as *Williams v. French*, 2025-Ohio-3086.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomasee Williams, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-302 |
| v. | : | (C.P.C. No. 24CV-657) |
| Mindy French, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 28, 2025

**On brief:** *Thomasee Williams*, pro se. **Argued:** *Thomasee Williams*.

**On brief:** *Christy M. Rafferty*, for appellee. **Argued:** *Christy M. Rafferty*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant Thomasee Willams appeals the decision of the Franklin County Court of Common Pleas granting defendant-appellee Mindy French's motion to dismiss based on Civ.R. 3(A).

{¶ 2} Williams filed a complaint on January 25, 2024, and an amended complaint on January 26, 2024, "for damages sustained in a motor vehicle accident occurring on January 27, 2022," and asserted both that French "failed to exercise reasonable care while operating her vehicle, directly causing the accident," and that "French committed fraud through intentional misrepresentation" by "providing false information about the accident to insurance companies, aiming to deflect fault from herself onto Plaintiff." (Jan. 26, 2024 Mot. to Am. Compl., Ex. A at ¶ 1, 15-16.) Williams also named The Travelers and American Family Insurance as defendants.

No. 25AP-302

{¶ 3} Williams requested certified mail service of the original complaint on all three named defendants, but such service was never perfected on French. On March 8, 2024, Williams requested the clerk to personally serve French at her address in Columbus, Ohio, and on March 11, 2024, the clerk issued an order for process by personal service. But personal service was never actually made, and certainly there is no record in the file that any service upon French of either the original or the amended complaint was perfected—through what was likely an error by the clerk, it appears that an attempt at personal service was made at the address of American Family Insurance in Wisconsin. Notwithstanding, French appeared through counsel on March 28, 2024 and filed an answer, which asserted the affirmative defenses of insufficient process and insufficient service of process. (Mar. 28, 2024 Answer of Def., Mindy French at ¶ 13-14.) She did not formally waive service, nor did Williams request her to.

{¶ 4} This seemingly minor oversight by a naïve pro se plaintiff had severe and seemingly unfair consequences. The case proceeded, although both insurers were quickly dismissed from the case based on Civ.R. 12(B)(6). (May 2, 2024 Entry Granting Mots. to Dismiss.) But on January 27, 2025, more than a year after the filing of the original complaint and three years after the traffic collision, French filed a motion to dismiss, arguing that Williams had never served her with process:

> Pursuant to Civil Rule 3(A), Plaintiff was required to serve Defendant Mindy French with the Complaint (or amended complaint) on or before January 25, 2025. *See* Ohio R. Civ. P. 3(A). Accordingly, Plaintiff's legal action has never commenced and is subject to dismissal as a matter of law. Furthermore, Plaintiff has never actually filed or served an amended complaint in this case. Commencement of an action requires both the act of filing and service of such filing within one year. *See* Ohio R. Civ. P. 3(A). Because Plaintiff has never filed or served an amended complaint, any claims raised in Plaintiff's proposed amended complaint are moot.

(Jan. 27, 2025 Def. Mindy French's Mot. to Dismiss at 2-3.) The motion observed that the initial request for service upon French directed it to be made by certified mail at 6000 American Parkway in Madison, Wisconsin, which the record showed to be the business address of American Family Insurance. *Id.* at 3-4. French further observed that, although personal service at her Columbus residence had been requested by Williams, no proof of

service upon her had ever been filed in the case. *Id*. at 4. Williams conceded that she had not perfected service but argued that although French had failed to acknowledge or formally waive service of process, French had filed an answer, engaged in the litigation, and demonstrated actual knowledge of the case, thereby forfeiting her objection to lack of service. (Feb. 6, 2025 Pl.'s Memo in Opp. To Def.'s Mot. to Dismiss at 1-2.)

{¶ 5} The trial court disagreed. On March 3, 2025, the court held that pursuant to Civ.R. 3(A), because "insufficiency of service of process was explicitly raised as an affirmative defense in French's responsive pleading, . . . the action was not commenced within the meaning of Civ.R. 3(A), [and] this matter must be dismissed." (Mar. 3, 2025 Entry Granting Def.'s Mot. to Dismiss at 2-3.)

{¶ 6} This appeal followed, and Williams now asserts three assignments of error with the trial court's judgment:

> 1. The trial court erred by dismissing the Appellant's action for failure of service where the Appellee had actual notice, actively participated in the case, and service failure was due to third-party and clerical errors.
>
> 2. The trial court misappropriated its discretion by prioritizing technical procedural defects over adjudication on the merits, in conflict with Ohio precedent.
>
> 3. The trial court erred in finding the action was not "commenced" within one year under Civ. R. 3(A), despite substantial compliance by Appellant and active litigation involvement by Appellee.

Our review of a trial court decision granting a motion to dismiss is de novo—we conduct an independent review, without deference to the trial court's determination. *See, e.g.*, *Logan v. Access Ohio, L.L.C.*, 2021-Ohio-3219, ¶ 7 (10th Dist.).

{¶ 7} Williams' three assignments of error all raise essentially the same argument—because Ohio favors the resolution of suits on their merits, French's filing of an answer and other active participation in the lawsuit forfeited her ability to rely upon the defense of insufficiency of service of process. And while Williams' argument is attractive and makes sense taken strictly in terms of fairness, it unfortunately does not survive scrutiny under the law as it is currently constituted.

No. 25AP-302

{¶ 8} Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." We have held that "[u]nder Ohio law, however, the 'failure of proper service is not merely a minor, hypertechnical violation of the rules.' " (Internal quotation marks deleted.) *Boggs v. Denmead*, 2018-Ohio-2408, ¶ 36 (10th Dist.), quoting *McAbee v. Merryman,* 2013-Ohio-5291, ¶ 16 (7th Dist.), quoting *Cleveland v. Ohio Civil Rights Comm.*, 43 Ohio App.3d 153, 157 (8th Dist. 1988). Instead, without proper service of process, " 'a trial court lacks jurisdiction to enter a judgment against that defendant.' " *Id.* And "[i]f service is not perfected under Civ.R. 3(A) within a year of filing the complaint, dismissal of the complaint is appropriate." *Id.* at ¶ 22, quoting *McAbee* at ¶ 16.

{¶ 9} In response, Williams argues that French has forfeited the defense of insufficiency of service of process by participating in the lawsuit. Williams cites Civ.R. 12(H) and argues that in *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, the Supreme Court of Ohio "held that a defense based on improper service is waived when not raised promptly and when the defendant has engaged with the case." (Brief of Appellant at 4.)

{¶ 10} But Williams has misread *Gliozzo*, and it is that case—as well as Civ.R. 12(H)(1)—which compels us to conclude that the trial court was correct in the dismissal of her complaint. The rule specifically provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule *nor included in a responsive pleading. . . .*" (Emphasis added.) Civ.R. 12(H)(1). And in *Gliozzo*, as here, the appellants "did not file a pre-answer motion, but instead properly raised the affirmative defense of insufficiency of service of process by including it in their answer, as Civ.R. 12 requires." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 2007-Ohio-3762, ¶ 12. The Supreme Court concluded that including the defense in the answer preserved the defense:

> In some instances, a party who voluntarily submits to the court's jurisdiction may waive available defenses, such as insufficiency of service of process or lack of personal jurisdiction. . . . The only way in which a party can voluntarily submit to a court's jurisdiction, however, is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading. . . .

No. 25AP-302

> Only when a party submits to jurisdiction in one of these manners will the submission constitute a waiver of the defense.

(Internal citations omitted.) *Id.* at ¶ 13. As a result, the Supreme Court concluded that despite their participation in the case, the *Gliozzo* defendants had not forfeited the defense and that the trial court properly granted their motion to dismiss for lack of service of process:

> When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, *a party's active participation in the litigation of a case does not constitute waiver of that defense. In this case, appellants raised the defense appropriately within their answer.* Since this defense was properly preserved, the trial court did not err when it later granted appellants' motion to dismiss for lack of sufficient service. We therefore reverse the judgment of the court of appeals.

(Emphasis added.) *Id.* at ¶ 18. Recently, in *Kerby v. Zerick*, 2024-Ohio-5665 (10th Dist.), we faced a similar situation and observed that under *Gliozzo*, "even active participation in a civil case does not constitute a waiver of the affirmative defense of insufficient service of the complaint where a defendant has properly raised and preserved the defense." *Kerby* at ¶ 15, citing *Gliozzo* at ¶ 18. We further observed that "actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules by properly effectuating service of process." *Id.*

{¶ 11} Williams correctly observes that Ohio policy favors the resolution of disputes on the merits, and that French's decision to present her defenses in her answer, rather than by a Civ.R. 12(B) motion, operated unfairly and prejudiced Williams' rights. And while we are sympathetic to her point, we cannot help but view this case as a cautionary tale regarding the complexities of civil litigation for pro se plaintiffs. As the defendant's counsel properly observed at oral argument, Williams filed her complaint perilously close to the expiration of the statute of limitations for her claims, and even after the defendants filed their motion to dismiss, plaintiff made no attempt to voluntarily dismiss and refile her complaint, nor did she attempt to remedy or address the problems with service in any other way.

No. 25AP-302

{¶ 12} Our recent decision in *Fong v. Faires*, 2025-Ohio-1032 (10th Dist.), while seemingly in tension with the result here, does not prevent this outcome. *Fong* specifically rested on the language of R.C. 2305.19, the Ohio "saving statute," which provides that " 'any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.' " *Fong* at ¶ 11, quoting R.C. 2305.19(A). In *Fong*, we held that the plaintiff had "attempted to" commence an action in accord with the statute when he filed an action against and attempted to serve a defendant who had died after the allegedly tortious event but before the action was filed, *see id.* at ¶ 12, and that the plaintiff's dismissal and refiling of the case against the defendant and subsequent attempt to substitute the defendant's estate as a party was both permitted by the saving statute and not barred by the statute of limitations. *Id.* at ¶ 16-17. But here, as defendant's counsel observed, the saving statute is not at issue because the case was not dismissed and refiled. Had Williams dismissed and refiled her case prior to the trial court's merits dismissal, *Fong* would likely have permitted the case to proceed. Instead, Williams relied on French's active participation in the litigation to demonstrate that dismissal was inappropriate.

{¶ 13} Although her approach was reasonable and comports with common sense, the Supreme Court has already flatly rejected it. We cannot help but observe that dismissal seems unfair on these facts. But under *Gliozzo*, both the service rules and the rules regarding preservation of defenses require vigilance on the part of both plaintiffs and defendants. *See Gliozzo* at ¶ 17 ("Whether appellants' conduct constituted gamesmanship or good litigation strategy, they followed the rules. If such behavior should not be permitted in the future, the proper avenue for redress would be to seek to change those rules."). *Gliozzo*'s approach creates a hidden hurdle for pro se litigants, and by failing to seek French's affirmative waiver of service, Williams fell into its trap.

{¶ 14} Ultimately, we perceive no legally meaningful differences between *Glizzo*, *Kerby*, and this case. In all three cases, plaintiffs failed to perfect service of process within one year as required by Civ.R. 3(A). The trial court therefore lacked personal jurisdiction over the defendants in all three cases, and the dismissal of the plaintiffs' complaints was

No. 25AP-302

proper in each case.  For all these reasons, Williams' three assignments of error lack merit. We overrule all three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

———————————